IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | | |
|---|---|---|
| PASHTOON QALANDAR | : | Case No. 2:05-CV-00936 TS |
| Plaintiff, | : | REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S |
| vs. | : | APPEAL OF THE COMMISSION'S DENIAL OF SOCIAL SECURITY |
| JO ANNE B. BARNHART, Commissioner of Social Security, | : | BENEFITS |
| | : | Judge Ted Stewart |
| Defendant. | : | Magistrate Judge Brooke C. Wells |
| | : | |

This matter came before Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B) from a referral by Judge Ted Stewart.

The court has carefully reviewed the pleadings and finds oral argument would not materially assist in this determination. For the reasons set forth below, the court concludes that there is not substantial evidence in the record to support the decision of the Administrative Law Judge (ALJ) and Commission. Accordingly, it is recommended to the District Court that Ms.

Qalandar's appeal be granted and the case remanded to the ALJ for further proceedings consistent with the Court's recommendation and an award of benefits if appropriate.

**PROCEDURAL HISTORY**

This is an appeal from the denial of Plaintiff-Claimant's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382-83c.

For an accurate procedural history, it is necessary to follow the procedural path of Claimant Pashtoon's two related cases: Case No. 2:04CV338DB and Case No. 2:05CV936TS. Only Case No. 2:05CV936TS is at issue here.

Claimant Pashtoon Qalandar (hereinafter "Qalandar")initially filed an application for SSI on April 25, 2002. ("R." 3, 7, 286).[1] This claim was denied initially, on reconsideration and in the decision of the Administrative Law Judge (hereinafter referred to as the "ALJ") dated October 17, 2003, which found Qalandar not disabled. ("R" 351 - 360). Qalandar timely requested the Appeals Council review the ALJ's decision. ("R." 361). Final administrative action by the Commissioner denied Qalandar's request for review on February 11, 2004. ("R." 362 - 364).

---

[1] References in the text designated "R." refer to the Official Record as a whole and include references to the transcript of the hearing held before the ALJ as well as to exhibits.

Qalandar then appealed the Commissioner's Decision to the United States District Court, District of Utah, Case No. 2:04CV338DB.  Claimant alleged the ALJ "erred by failing to follow proper procedure in evaluating her claim for disability."[2] The Commissioner responded on November 12, 2004 by filing a pleading styled "Defendant's Unopposed Motion on Remand."[3]

On November 24, 2004, consistent with the parties' parallel requests for remand, the District Court through Chief Judge Dee V. Benson ordered case No. 2:04CV338DB remanded to the Commissioner for further proceedings.[4]  ("R." 365, 366).  Case No. 2:04CV338DB was then closed.

The subsequent remand order of the Social Security Appeals Council (related to Case No. 2:04CV338DB) dated December 21, 2004, further directed the ALJ to "address inconsistencies between the jobs identified by the vocational expert and their definitions in the Dictionary of Occupational Titles (DOT), hold a new hearing, and issue a new decision."  ("R." 363 - 364).

A remand hearing was held and a second unfavorable ALJ decision issued on May 12, 2005. ("R." 326 - 338).  Review was

---

[2] See  Case No. 2:04CV338DB, Doc. 10, Plaintiff's Memorandum in Support of Reversal or Remand of Commissioner's Administrative Decision (Case No. 2:04CV338DB), p. 6.

[3] See Case No. 2:04CV338DB, Doc. 12, Defendant's Unopposed Motion to Remand, pgs. 1 - 3.

[4] See Case No. 2:04CV338DB, Doc. 13, Order

again sought before the Appeals Council but was declined on September 9, 2005. ("R." 317 - 319).

The appeal presently before the court challenging the ALJ's second denial of benefits, (Case No. CV-00936TS-BCW) was filed November 10, 2005. ("R." 325).

## STANDARD OF REVIEW

Review of the Commissioner's decision is limited to determining whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.[5] The record must be examined closely to determine whether substantial evidence supports the [Commissioner's] determination.[6] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[7] Evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.[8] The court may neither re-weigh the evidence nor

---

[5] See Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1992); Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992); 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 402 (1981).

[6] See Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971).

[7] See Hamilton, 961 F.2d at 1498.

[8] See Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992).

4

substitute its discretion for that of the Commissioner.[9]  Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[10]

## STATEMENT OF FACTS

     At the time of filing this appeal, Ms. Qalandar was between 48 and 52 years old, an Afghani refugee with few English language skills. ("R." 600 - 603). She entered the United States on February 16, 2001.  ("R." 330).  She does not know her actual date of birth but was assigned a birthday of January 1, 1956 upon entry into the United States.  ("R." 536).  She has a sixth grade education. ("R. 330).  Claimant has four children, two of who live with her.  When necessary to communicate in English, Qalandar uses the services of a Farsi-English representative/interpreter.  ("R. 600 - 604).  She has no work employment history and no skills.  She does not know her social security number. ("R." 600).  She has attended classes to learn English. ("R." 602).

    Ms. Qalandar became disabled on April 8, 2002 allegedly due to posttraumatic stress disorder, anxiety, memory problems, fibromyalgia, headaches, osteoporosis, chronic back and shoulder pain, depression and arthritis of the hands, spine and legs. ("R." 330, 337, 604).

---

[9] See Hinkle v. Apfel, 132 F.3d 1349, 1351 (10th Cir. 1997); Kelly v. Chater, 62 F.3d 335, 337 (10th Cir. 1995).

[10] See Musgrave v. Sullivan, 929 F.2d 534, 536 (10th Cir. 1990).

**STATEMENT OF THE ISSUES**

To determine whether an individual suffers from a disability under the regulations, the ALJ must conduct a sequential five-step evaluation in accordance with 20 C.F.R. §§ 404.1520 (a) - (f).  In the first two steps, the ALJ determines whether the Claimant has engaged in substantial gainful activity, and whether the Claimant has a "severe" impairment.[11]  If the Claimant has satisfied the first two requirements, the evaluation moves on to step three, a determination of whether the Claimant's impairments meet or equal a disability described in the Listing of Impairments ("Listings").[12]  The burden of proof lies with the Claimant as to steps one through three; at steps four and five the burden shifts to the commissioner.

Both parties agree the ALJ decided the case at step five of the required sequential analysis:  could Qalandar perform other work existing in substantial numbers in the national economy?[14]  Thus, there is no need to address the sufficiency of the ALJ's analysis and conclusions as to steps one through four.

Claimant argues that at step five, the ALJ's May 12, 2005, decision again failed to identify positions that Qalandar can perform given her residual functional capacity (RFC)--the most a

---

[11]See C.F.R. §§ 416.920(d).

[12]Id.

[14]See C.F.R. §§ 416.920(c).

claimant can do despite limitations.[15]  She argues the positions specifically cited by the ALJ ("maid" and "housekeeper") either do not exist in the DOT or are outside Claimant's RFC.  Qalandar further asserts the ALJ failed to evaluate and weigh the sit/stand option in relation to the identified occupations as required by the Appeals Council remand order and failed to evaluate and weigh the treating physicians' opinion and state what weight was given to such opinions.  ("R." 363).

In opposition, the Commissioner argues the ALJ properly found Qalandar could perform work existing in significant numbers in the national economy as decided at step five of the sequential evaluation.  Even so, the Commissioner acknowledges that in the ALJ's May 12, 2005 decision (in contrast to findings in the 2003 decision in Case No. 2:04CV338DB), the ALJ did not list the job of agriculture sorter as one Plaintiff could perform although her RFC was ostensibly the same.  Additionally, although the ALJ in the second decision cited "housekeeper" as a job Claimant could perform, the Commissioner has abandoned reliance on the job of housekeeper (DOT #301.137-018), acknowledging the job of housekeeper exceeds Claimant's RFC. ("Opposition Brief at p. 12, n. 9). The Commissioner also argues the ALJ's finding that Claimant could perform the job of "Maid, DOT #323.637-010, light, unskilled . . ." is sufficient to support the ALJ's decision to

---

[15]See 20 C.F.R. § 416.945.

deny benefits although the Commissioner acknowledges the DOT code for "maid" cited in the decision mistakenly cites to the DOT reference for "meat grader," a supervisory, skilled position. (Answer Brief, at p. 12, n.9.).  The Commissioner argues the inaccurate DOT reference was based on error made by the vocational expert during testimony.  The Court presumes it is the position of the Commissioner that the same error was mistakenly transferred to the ALJ's written decision and should not otherwise defeat the ALJ's reasoning. (Id., at 12).  In the 2003 ALJ decision the ALJ addressed the need for a sit/stand option.  The 2005 ALJ decision did not address the issue in spite of the Appeals Councils specific directive to do so.  Instead, the Commissioner argues the ALJ was free to assess Claimant's RFC independent of any findings in the earlier decision since the prior decision of the Appeals Council was vacated.  ("R." 363 - 364.[16]  (Answer Brief at 13; "R." 337; 351; 363-364).

The Commissioner does not address Claimant's argument that the position of maid requires medium strength and is therefore outside Claimant's RFC limiting her to light work.

---

[16] See Campbell v. Bowen, 822 F.2d 1518, 1521-22 (10th Cir. 1987).

**DISCUSSION**

In joining Qalandar's request for remand in the initial case, No. 2:04CV338DB, the Commissioner stated in its Unopposed Motion to Remand:

> The Commissioner of Social Security . . ., respectfully moves this Court, pursuant to sentence four of 42 U.S.C. § 405(g), for an order remanding this case to the Social Security Administration (SSA). The grounds for this motion are as follows:
>
> 1. Sentence four of 42 U.S.C. § 405(g) provides that the Court may, upon the pleadings and the transcript of the administrative record, enter judgment and remand the case to the Commissioner for a rehearing.
>
> 2. The SSA's Appeals Council, in its role as finder of fact, has further reviewed Plaintiff's case and determined that a remand for further proceedings is appropriate. If the Court grants this motion, the Appeals Council will remand the matter to an Administrative Law Judge (ALJ) to hold a <u>de novo</u> Administrative hearing and to issue a new decision regarding Plaintiff's eligibility for disability insurance benefits. The ALJ will be instructed to obtain all available updated medical records for Plaintiff's treating sources, <u>give further consideration to her maximum residual functional capacity, and give legally-sufficient reasons for the relative weight accorded the various medical opinions of records. The ALJ will obtain additional VE testimony to address Plaintiff's vocational factors</u> . . . . (Emphasis added). ("R." at 317).

Following the District Court's remand Order, the Social Security Appeals Council, in its Order of December 21, 2004, also gave specific remand directions to the ALJ:

> The U.S. District Court for the District of Utah (Case No. 2:04CV338DB) has remanded this case to the Commissioner of Social Security for further administrative proceedings. . .

>Therefore, the Appeals Council vacates the final decision of
>the Commissioner of Social Security and remands this case to
>an Administrative Law Judge for further proceedings
>consistent with the order of the court.
>
>The Administrative Law Judge found that the claimant can
>perform a reduced range of light work and used Rule 202.16,
>Appendix 2, Subpart P, Regulation No. 4, as a framework for
>finding her not disabled.  The decision, however, <u>does not
>address the inconsistencies between the jobs identified by
>the vocational expert and their definitions in the
>Dictionary of Occupation Titles (DOT)</u>.  <u>The vocational
>expert testified that there are jobs the claimant can
>perform, given her exertional and nonexertional limitations.
>However, although the Administrative Law Judge found . . .
>claimant can perform frequent handling and fingering, the
>DOT describes the job of agricultural sorter as requiring
>constant handing.  The jobs identified by the vocational
>expert are also not described in the DOT as allowing for a
>sit/stand option</u>.  (Emphasis added).  The [ALJ} found . . .
>claimant is illiterate in the English language, but the
>hypothetical questions to the [VE] do not specifically state
>this.  <u>The Council finds that further development is needed
>in order to resolve these inconsistencies</u> . . . .  (Emphasis
>added).
>
>Accordingly, the [ALJ] will obtain all available updated
>medical records from [claimant's] treating sources, give
>further consideration to her maximum [RFC], including
>possible nonexertional limitations.  In this regard, the ALJ
>will evaluate the medical opinions of the claimant's
>treating, examining, and reviewing physicians and state what
>weight is given to such opinions.
>
><u>The [ALJ] will also obtain evidence from a VE on the extent
>the claimant's nonexertional limitations further diminish
>the occupational base. If appropriate the ALJ will ask the
>vocational expert to identify examples of jobs the claimant
>can perform and to state the incidence of such jobs in the
>national economy</u>.  <u>The [ALJ] will resolve any
>inconsistencies between the jobs identified by the
>vocational expert an their descriptions in the [DOT]</u>. . .
>(Emphasis added).  ("R." at 363 - 364).

   The record painstakingly outlines Ms. Qalandar's attempts

through two legal proceedings to apply for and secure SSI

10

benefits.  It further cites to the Commissioner's own recognition of legal inadequacies encountered during the process.  Despite an initial flawed hearing and decision, a joint motion for remand, a district court remand order, and an Appeals Council remand directive, the ALJ again accepted inaccurate testimony and again incorporated it into the decision to deny benefits.

Despite the Commissioner's unqualified stand requesting remand followed by the Appeals Council's clear directives, the record as well as the ALJ's current decision remain replete with mistakes, omissions and/or continued inconsistences.  For example, during the hearing before the ALJ in the first matter, Case No. 2:04CV338DB, the VE testified Claimant's RFC would allow her to perform the jobs of agricultural sorter, housekeeper and maid.  In accordance with the VE's testimony, the ALJ found Claimant capable of performing the job of "agricultural sorter", although it is clear that job is not within claimant's RFC.  The decision in 2:05CV00936TS, this case, deleted mention of "agricultural sorter" as within Claimant's RFC but then found in accordance with the VE's testimony that Claimant could perform the jobs of "housekeeper" and "maid". ("R." 336, 337).  The Commissioner has correctly abandoned any reliance on "housekeeper" as it now acknowledges Qalandar's RFC would not allow her to work at this position.  And, while the testimony of the VE referencing "meat grader" rather than "maid" may have been

error, the ALJ's decision went on to incorporate the misguided reference to "meat grader", a supervisory, skilled position. ("R." at 336, 337, 338).

Further, without specifically addressing the sit/stand option as it relates to the only possible remaining job of "maid," it remains unclear, at best, whether Claimant could undertake such a job, or any job, given her RFC.

The Court agrees with Qalandar that the ALJ erred in failing to apply the correct legal standards. It is unacceptable that the ALJ's decision remains confused and inaccurate.

It is this court's duty to remand a case to the Commissioner if all of the essential factual issues have not been resolved.[17] The decision whether to remand a case to the Commissioner is within the discretion of the reviewing court, even without a showing of good cause, and the court is obliged to remand if all of the essential factual issues have not been resolved.[18]

Unfortunately, this case falls into that category. In light of the inconsistencies and inaccuracies contained in the ALJ's written decision, the court finds there is insufficient evidence in the record to sustain the decision to deny benefits. Therefore, there is no need to address other issues

---

[17] 4 Soc. Sec. Law & Prac. § S 55:76. Grounds for Remand

[18] Id.

related to Claimant's credibility and the weight to be given to Claimant's physicians' opinions concerning her RFC.

### **RECOMMENDATION**

As outlined above, there is not substantial evidence in the record to support the decision of the ALJ to deny benefits.

This court, therefore, recommends that Claimant Qalandar's request for remand should be granted.  Upon remand, the ALJ should ask for testimony or clarification consistent with this opinion or should grant Ms. Qalandar benefits.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten (10) days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED THIS 15th day of March, 2007.

BY THE COURT

_____
BROOKE C. WELLS
United States Magistrate Judge