IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PASHTOON QALANDAR,<br><br>　　Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　Defendant. | MEMORANDUM DECISION AND ORDER ON DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER REMANDING CASE<br><br><br>Case No. 2:05-CV-936 TS |

　　Defendant timely filed Objections to the Magistrate Judge's March 15, 2007 Report and Recommendation.[1] In the Report and Recommendation, the Magistrate Judge found that there was no substantial evidence in the record to support the decision of the ALJ to deny benefits."[2] In particular, the Magistrate Judge noted that the ALJ was considering the case on remand for the purpose of "address[ing] inconsistencies between the jobs

---

[1]Docket No. 17.

[2]*Id*. at 12.

identified by the vocational expert [VE] and their definitions in the Dictionary of Occupational Titles (DOT), hold a new hearing, and issue a new decision."[3]  The Magistrate Judge found that this had not been done, and recommends another remand where the "ALJ should ask for testimony or clarification consistent with [the Report and Recommendation] or should grant Ms. Qalandar benefits."[4]

Defendant objects to the Report and Recommendation on the following grounds: (1) the ALJ's step five finding that Plaintiff could perform the job of maid is supported by substantial evidence and is free from error; (2) it was not error for the ALJ to not discuss claimant's argument that the job of maid required medium exertion because the job was listed in the DOT and in the VE's testimony as "light;" (3) the VE's transposition of digits in the DOT number for the maid job was a harmless procedural error; (4) the omission of the agriculture sorter job from the ALJ's step five finding was not erroneous and did not affect his conclusion that Plaintiff could work as a maid; and (5) the ALJ was not required to include a sit/stand option in the question to the VE.  Plaintiff contends that the ALJ's Report and Recommendation is correct.  Plaintiff contends that (1) the ALJ's finding that the Plaintiff could work as a maid is not supported by substantial evidence; and (2) the ALJ failed to weigh properly the treating physicians' opinions and the need for a sit/stand option.

---

[3]*Id*. at 3 (quoting Rec. at 363-64.

[4]*Id.* at 13.

Because there was a timely objection, the Court reviews the Magistrate Judge's decision de novo.[5]

> In order to conduct a *de novo* review a court "should make an independent determination of the issues . . .; [it] 'is not to give any special weight to the [prior] determination'. . ."  "The district judge is free to follow [a magistrate's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[6]

The Court has reviewed the entire record, including the transcript of the 2005 Administrative hearing with the testimony of the VE, as well as the DOT description of the maid job.  Upon de novo review, without any special weight to the Magistrate's finding and recommendation, the Court finds that the ALJ's decision is not supported by substantial evidence because the ALJ did not examine whether the Plaintiff could actually do the only job allegedly available with her limitations.  Comparing the DOT definition of the maid job[7] with the ALJ's RFC findings and the testimony of the VE,[8] it is not clear that Plaintiff could, in fact, perform the job with the limitations as found by the ALJ.    It is therefore

ORDERED that the Magistrate Judge's March 15, 2007 Report and Recommendation is AFFIRMED and ADOPTED IN ALL RESPECTS.  It is further

---

[5] 28 U.S.C. § 636(b)(1).

[6] *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat. Bank,* 386 U.S. 361, 368 (1967) and *Mathews v. Weber,* 423 U.S. 261, 271 (1976)). *Accord Northington v. Marin,* 102 F.3d 1564, 1570 (10th Cir. 1996) ("The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations.").

[7] DOT 323.687-014.

[8] Rec. at 335 (ALJ's Decision listing findings of residual functioning capacity (RFC)) and Rec. at 627-31 (ALJ's hypothetical question to VE).

ORDERED that pursuant to the fourth sentence of 42 U.S.C. § 405(g), this case is REMANDED to the Appeals Council of the Social Security Administration, and the Council shall then finally remand the case to an ALJ for further proceedings.  On remand, the ALJ shall address inconsistencies between the sole job[9] identified by the VE— maid—and its definition in the DOT.  Specifically, the ALJ shall address if claimant could work in the maid job as described in the DOT with her RFC limitations on sitting and standing.

This case shall be closed with a judgment.

DATED  September 27, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] Defendant having now conceded that Plaintiff is unable to perform the other two jobs identified by the VE.